**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF IOWA**

| IN THE MATTER OF: | ) | CASE NO. | 09-06111 |
|---|---|---|---|
| | ) | | |
| Margaret Ann Spry | ) | | |
| | ) | **CHAPTER 13 PLAN** | |
| | ) | | |
| Debtor(s). | ) | | |

## 1. PAYMENTS AND DEBTOR OBLIGATIONS

The Debtor or Debtors (herinafter called "Debtor") submit to the Standing Chapter 13 Trustee all projected disposable income to be received within the applicable commitment period of the plan (unless otherwise specified by law) as follows:

| No. of monthly pmts. made to date: | | | | | Total paid to date: | $0 |
|---|---|---|---|---|---|---|
| | | | | Pmt. Amt | start date: | |
| A. Payment(s) | 1 | to | 60 | $248 | 01/17/10 | $14,880 |
| B. Payment(s) | | to | | | | |
| C. Payment(s) | | to | | | | $0 |
| D. Payment(s) | | to | | | | $0 |
| | | | | | Base amount: | $14,880 |

The payment shall be withheld from the Debtor's paycheck:                              Yes: _____          No: ___X___
Employee's name whose payroll is deducted:        Debtor: _____        Co-Debtor: _____
Employer's name, address, city, state, phone: _____

Special Notes: _____

Amended Plan Notes (if applicable):        This plan cures any previous arrearage in payments to the Chapter 13 Trustee under any prior plan filed in this case.

Debtor is paid: _____        Co-debtor is paid: _____

**The Debtor(s) shall, each year during the course of this Plan, provide the Trustee with copies of their income tax returns when completed and filed and will turn over to the Trustee all refund monies received, state and federal, for distribution through this Plan.**

**NOTE: PLAN PAYMENTS TO THE TRUSTEE MUST BEGIN IMMEDIATELY FOR PLANS REQUIRING PRE-CONFIRMATION ADEQUATE PROTECTION PAYMENTS OR LEASE PAYMENTS. IN THOSE CASES PROVIDING FOR EMPLOYER DEDUCTIONS, THE DEBTOR MUST MAKE DIRECT PAYMENT TO THE TRUSTEE BY MONEY ORDER OR CASHIER CHECK UNTIL THEIR EMPLOYER DEDUCTION BEGINS. IN CASES WITHOUT PRE-CONFIRMATION PAYMENTS, PLAN PAYMENTS MUST COMMENCE WITHIN 30 DAYS OF FILING OF THE PETITION. THE DEBTOR MUST MAKE DIRECT PAYMENT TO THE TRUSTEE UNTIL THEIR EMPLOY DEDUCTION BEGINS.**

## 2. ORDER OF PAYMENT OF CLAIMS AND AMOUNTS ALLOWED

Applicable Trustee fees shall be deducted from each payment made by the Debtor(s) to the Trustee. Claims shall be paid in the following order:
1) 11 U.S.C. 1326(a)(1)(B) & C pre-confirmation payments for adequate protection or leases of personal property; 2) payments to secured creditors under 11 U.S.C. 1325(a)(5), payments due on executory contracts, the Debtor's attorney fees, 11 U.S.C. 507(a)(1)(A) priority domestic support claims and approved Chapter 7 Trustee compensation, 3) Other administrative expense under 11 U.S.C. 503;
4) Other priority claims in the order specified in 11 U.S.C. 507(a) including post-petition tax claims under 11 U.S.C. 1305;
5) Co-signed consumer debts; 6) General unsecured claims. Unless otherwise noted, claims within each class shall be paid pro-rata. If funds remain after payment of specific monthly payments provided for in the plan, the Chapter 13 Trustee may distrubte those funds to secured creditors in payment of their allowed secured claims.

## 3. 11 U.S.C. 1326(a) PRE-CONFIRMATION ADEQUATE PROTECTION PAYMENTS AND LEASE PAYMENTS

The following pre-confirmation adequate protection payments on claims secured by personal property, pre-confirmation lease payments for leases of personal property and co-signed debts shall be paid by the Trustee to the below listed creditors without entry of an order of the Court. The Debtor proposing pre-confirmation payments will immediately commence plan payments to the Trustee. Creditors must file a proof of claim to receive payment. Payments by the Trustee shall commence to these creditors within 30 days of the filing of the proof of claim unless the Trustee does not have funds available within 7 working days prior to the end of the 30 day period. Post-confirmation payments are provided for below in Paragraphs 6 and 7 of this plan.

| Creditor's Name and Full Address | Last Four Digits of Account Number | | Date of Next Payment Due | Payment Amount |
|---|---|---|---|---|
| Nebraska Furniture Mart Attn: Legal Dept., 700 S 72nd Street, Omaha, NE 68103 | 22REV | | 1/20/09 | $20 |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

## 4. ADMINISTRATIVE CLAIMS

Trustee fees shall be deducted from each payment disbursed by the Trustee.

\* Debtor(s)' Attorney shall file a separate fee application requesting fees and costs.

| Total Fees Requested | Fees Received Prior to Filing | — | Balance of Fees to be Paid in Plan |
|---|---|---|---|
| * | * | | * |
| Total Costs Requested | Costs Received Prior to Filing | : | Balance of Costs to be Paid in Plan |
| * | * | | * |

**ATTORNEY FEES AND COSTS ALLOWED SHALL BE PAID PRIOR TO PAYMENT OF SECURED CLAIMS LISTED IN PARAGRAPH NUMBER 6.**

## 5. PRIORITY CLAIMS

11 U.S.C. 1322(a) provides that all claims entitled to priority under 11 U.S.C. 507(a) shall be paid in full in deferred cash payments unless the holder of a particular claim agrees to a different treatment of such claim except for priority claims under 11 U.S.C. 507(a)(1)(B). It is further provided that any and all pre-petition penalties, and post-petition penalties and interest, which have attached or will be attached to any such claim, shall be treated as a general unsecured claim and not entitled to priority. **The amounts listed for priority debts are estimates only. The Trustee will pay the amount listed on the proof of claim filed with the Clerk subject to the Debtor(s) right to object to said claim pursuant to F.R.B.P. 2007.**

Such claims are as follows:
  A) Domestic Support Obligations:
      1)        X        None. If none, skip to Priority Taxes.
      2)        The name(s), address(es) and phone number(s) of the holder of ANY domestic support obligation as defined in 11 U.S.C. 101(14A):

### DEBTOR

| Name | Address, City and State | Zip Code | Telephone |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

### CO-DEBTOR

| Name | Address, City and State | Zip Code | Telephone |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

      3) The debtor is required to pay all post-petition domestic support obligations directly to the holder of the claim and not through the Chapter 13 Plan.

### B) Arrearages owed to Domestic Support Obligation holders under 11 U.S.C. 507(a)(1)(A):

      1)        X        None. If none, skip to subparagraph C below.
      2) Name of holder of Domestic Support Obligation Arrearage Claim, estimated arrears & monthly payment.

### DEBTOR

| Name of Creditor | Estimated Arrearage Claim | Interest rate, if any | Monthly payment on arrearage |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

### CO-DEBTOR

| Name of Creditor | Estimated Arrearage Claim | Interest rate, if any | Monthly payment on arrearage |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

### C) Domestic Support Obligations assigned to or owed to a governmental unit under 11 U.S.C. 507(a)(1)(B):

      1)        X        None. If none, skip to Priority Tax Claims.
      2) Name of Creditor, estimated arrearage claim and any special payment provisions:

### DEBTOR

| Name of Creditor | Estimated Arrearage Claim | Provision for Payment | Interest rate, if any | # of months | Payment amt, if any |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |

### CO-DEBTOR

| Name of Creditor | Estimated Arrearage Claim | Provision for Payment | Interest rate, if any | # of months | Payment amt, if any |
|---|---|---|---|---|---|
| | $0.00 | | 0.00% | 60 | $0.00 |
| | $0.00 | | 0.00% | 60 | $0.00 |

### D) Priority Tax Claims Including Post-Petition Tax Claims Allowed under 11 U.S.C. 1305

| Federal: | $186.00 | State: | $436.00 | Other: | | $0.00 | Total: | $622.00 |
|---|---|---|---|---|---|---|---|---|

### E) Chapter 7 Trustee Compensation allowed under 1326(b)(3):

| Amount Allowed | Monthly Payment (Greater of $25 or 5% of Monthly Payment to unsecured creditors) |
|---|---|
| $0.00 | $0.00 |

F) Other Priority Claims:                                                                                    Amount:          $0.00

## 6. SECURED CLAIMS

A-1)  Home Mortgage Claims (including claims secured by real property which the debtor intends to retain)

Unless otherwise provided in this plan, Debtor shall pay all post-petition mortgage payments directly to each mortgage creditor as those payments ordinarily come due beginning with the first due date after the case is filed and such creditor shall retain any lien securing its claim.

Any pre-petition arrearage shall be paid through this Chapter 13 Plan with interest and in equal monthly payments as specified below.
The amount of arrears is determined by the proof of claim, subject to the right of the debtor to object to the amount set forth in the claim.

\* **ALL SECURED CREDITORS LISTED IN PARAGRAPH 6 SHALL BE PAID ON A PRO-RATA BASIS IN EQUAL MONTHLY PAYMENTS, AFTER ATTORNEY FEES AND COSTS LISTED IN PARAGRAPH 4 HAVE BEEN PAID IN FULL.**

Description or address of property:

| NAME OF CREDITOR | PROPERTY DESCRIPTION | Estimated pre-petition arrearage | Pre-confirmation Interest Rate & Maximum dollar amt. Limit, if any | Post-confirmation interest rate | Monthly payment amount | ESTIMATED Total Payments plus interest |
|---|---|---|---|---|---|---|
| Leonard Bolton | Personal Residence | $1,200.00 | 6.00% | 6.00% | * | $1,405.53 |
| | Personal Residence | $0.00 | 0.00% | 0.00% | * | $0.00 |
| | Personal Residence | $0.00 | 0.00% | 0.00% | * | $0.00 |
| | | | | | * | |
| | | | | | * | |
| | | | | | * | |
| Totals: | | $1,200.00 | | | | $1,405.53 |

A-2)  The following claims secured by real property shall be paid in full through the Chapter 13 Plan:

Description or address of property:

| NAME OF CREDITOR | PROPERTY DESCRIPTION | Estimated amount to be paid through plan before interest | Pre-confirmation Interest Rate & Maximum dollar amt. Limit, if any | Post-confirmation interest rate | Monthly payment amount | ESTIMATED Total Payments plus interest |
|---|---|---|---|---|---|---|
| | | $0.00 | 0.00% | 0.00% | * | $0.00 |
| | | $0.00 | 0.00% | 0.00% | * | $0.00 |
| | | $0.00 | 0.00% | 0.00% | * | $0.00 |

A-3)  The following claims secured by real property shall be bifurcated into secured and unsecured portion.  The secured portion shall be paid in full through the Chapter 13 Plan.  The unsecured portion shall be paid pursuant to the terms of paragraph 9 herein.

| NAME OF CREDITOR | PROPERTY DESCRIPTION | Secured claim amount to be paid through plan before interest | Pre-confirmation Interest Rate & Maximum dollar amt. Limit, if any | Post-confirmation interest rate | Monthly payment amount | Total Secured Payments plus interest |
|---|---|---|---|---|---|---|
| | | $0.00 | 0.00% | 0.00% | * | $0.00 |
| | | $0.00 | 0.00% | 0.00% | * | $0.00 |

B)  Post-Confirmation Payments to Creditors Secured by Personal Property.  Post-confirmation payments to creditors holding claims secured by personal property shall be paid as set forth in subparagraphs (1) and (2).  If the Debtor elects a different method of payment, such provision is set forth in subparagraph (3).

1)  Secured Claims to which 11 U.S.C. 506 Valuation is NOT applicable:

Claims listed in this subsection are debts secured by a purchase money security interest in a personal motor vehicle, incurred within 910 days of filing of the bankruptcy OR debts secured by a purchase money security interest in "any other thing of value," incurred within one year prior to filing of the bankruptcy.  These claims will be paid, with interest, as provided below and in equal monthly payments as specified below:

\*  **ALL SECURED CREDITORS LISTED IN PARAGRAPH 6 SHALL BE PAID ON A PRO-RATA BASIS IN EQUAL MONTHLY PAYMENTS, AFTER ATTORNEY FEES AND COSTS LISTED IN PARAGRAPH 4 HAVE BEEN PAID IN FULL**

| Name of Creditor | Property Description | | | FIRST LINE: fair market value | | Pre-confirmation Interest Rate & | Post-confirmation | Monthly payment | ESTIMATED |
|---|---|---|---|---|---|---|---|---|---|

| | | | | of property<br>SECOND LINE:<br>Est. claim amt | | Maximum dollar amt.<br>Limit, if any | interest<br>rate | amount | Total<br>Payments<br>plus interest |
|---|---|---|---|---|---|---|---|---|---|
| | | | | $0.00 | | | | | |
| | | | | $0.00 | | 0.00% | 0.00% | * | $0.00 |
| | | | | $0.00 | | | | | |
| | | | | $0.00 | | 0.00% | 0.00% | * | $0.00 |
| | | | | $0.00 | | | | | |
| | | | | $0.00 | | 0.00% | 0.00% | * | $0.00 |
| | | | | $0.00 | | | | | |
| | | | | $0.00 | | 0.00% | 0.00% | * | $0.00 |

Totals:        $0.00

**2) Secured Claims to which 11 U.S.C. 506 Valuation is applicable:**

Claims listed in this subsection are debts secured by personal property not described in the prior paragraph of this plan, 6(B)(1). These claims will be paid either the value of the secured property or the amount of the claim, whichever is less, with interest as provided below and in equal monthly payments as specified below. The portion of a claim that exceeds the value of the secured property will be treated as an unsecured. The value of the secured property is determined by the proof of claim, subject to the right of the debtor to object to such valuation.

**\* ALL SECURED CREDITORS LISTED IN PARAGRAPH 6 SHALL BE PAID ON A PRO-RATA BASIS IN EQUAL MONTHLY PAYMENTS, AFTER ATTORNEY FEES AND COSTS LISTED IN PARAGRAPH 4 HAVE BEEN PAID IN FULL.**

| Name of Creditor | Property<br>Description | | | FIRST LINE:<br>fair market value<br>of property<br>SECOND LINE:<br>Est. claim amt | | Pre-confirmation<br>Interest Rate &<br>Maximum dollar amt.<br>Limit, if any | Post-<br>confirmation<br>interest<br>rate | Monthly<br>payment<br>amount | ESTIMATED<br>Total<br>Payments<br>plus interest |
|---|---|---|---|---|---|---|---|---|---|
| | | | | $200.00 | | | | | |
| United Consumer Financi | Vacuum | | | $200.00 | | 5.25% | 5.25% | * | $229.84 |
| | Washer, Dryer, | | | $1,200.00 | | | | | |
| Nebraska Furniture Mart | Gas Range, TV | | | $1,552.00 | | 5.25% | 5.25% | * | $1,379.02 |
| | | | | $0.00 | | | | | |
| | | | | $0.00 | | 0.00% | 0.00% | * | $0.00 |
| | | | | $0.00 | | | | | |
| | | | | $0.00 | | 0.00% | 0.00% | * | $0.00 |
| | | | | $0.00 | | | | | |
| | | | | $0.00 | | 0.00% | 0.00% | * | $0.00 |
| | | | | $0.00 | | | | | |
| | | | | $0.00 | | 0.00% | 0.00% | * | $0.00 |

Totals:        $1,608.86

**3) Other provisions:**

**C) Surrender of Property**

1)        CLAIMS IN WHICH 11 U.S.C. 506 APPLIES:

The Debtor surrenders any interest in the following collateral. Any secured claim filed by the below creditors will be deemed satisfied in full through surrender of the collateral. Any unseucred deficiency claim must be filed by the bar date for claims or allowed by separate order of the Court.

| Collateral to be surrendered | Name of Creditor |
|---|---|
| | |
| | |
| | |

2)        CLAIMS IN WHICH 11 U.S.C. 506 **DOES NOT APPLY (See hanging paragraph off of 11 U.S.C. 1325(9))**

The Debtor surrenders any interest in the following collateral and the entirety of the creditor's will be deemed satisfied in full through surrender of the collateral. NO FURTHER AMOUNTS WILL BE PAID TO THE FOLLOWING CREDITORS: Debtor will object to the allowance of any secured or unsecured claim filed by the creditor.

| Collateral to be surrendered | Name of Creditor |
|---|---|
| | |
| | |

**D) Lien Avoidance**
The Debtor shall file a Motion to Avoid the lien of the following creditor(s):

| Name of Creditor | Amount owed | Property upon which debtor will seek to avoid lien |
|---|---|---|
| | $0.00 | |
| | $0.00 | |
| | $0.00 | |

## 7. *EXECUTORY CONTRACTS / LEASES*

A) The Debtor rejects the following executory contracts:

| Name of Creditor | Property subject to executory contract |
|---|---|
|  |  |
|  |  |
|  |  |

B) The Debtor assumes the executory contract / lease referenced below and provides for the regular contract / lease payment to be included in the Chapter 13 Plan. Any pre-petition arrearage will be cured in monthly payments as noted below:

| Name of Creditor | Property subject to executory contract / lease | Estimated Arrearages on contract as of date of filing | Monthly payment to be made on contract arrearage | Regular number of contract payments remaining as of the date of filing | Amount of regular contract payment | Due date of regular contract payment | Total Payments (arrears + regular contract payments) |
|---|---|---|---|---|---|---|---|
|  |  |  | $0.00 | 0 | $0.00 |  | $0.00 |
|  |  | $0.00 | $0.00 | 0 | $0.00 |  | $0.00 |
|  |  | $0.00 | $0.00 | 0 | $0.00 |  | $0.00 |

## 8. *CO-SIGNED UNSECURED DEBTS*

A) The following co-signed debts shall be paid in full at the contract rate of interest from petition date.

| Name of Creditor | Estimated Amount Due | Contract Rate of Interest | Total Due |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

## 9. *UNSECURED CLAIMS*

The unsecured creditors shall be classified pursuant to Bankruptcy Code Sec. 1322(b)(1) in the following manner:

Unsecured creditor class 1:
    Description/treatment of sub-class: _____

| | | | |
|---|---|---|---|
| Name: N/A | Claim: _____ | Int. rate: _____ | Total: _____ |
| Name: N/A | Claim: _____ | Int. rate: _____ | Total: _____ |
| Name: N/A | Claim: _____ | Int. rate: _____ | Total: _____ |

Unsecured creditor class 2:
    All remaining allowed unsecured claims shall be paid prorata of all remaining funds.

## 10. *ADDITIONAL PROVISIONS*

A) If there are no resistances / objections to confirmation or approval of this plan or after all objections are resolved, the Court may confirm the plan without further hearing.

B) Property of the estate, including the Debtor's current and future income, shall revest in the Debtor at the time a discharge is issued, and the Debtor shall have sole right to use and possession of property of the estate during pendency of this case.

C) In order to obtain distributions under the plan, a creditor must file a proof of claim within ninety (90) days after the first date set for the Meeting of Creditors except as provided in 11 U.S.C. 502(b)(9). Claims filed after this bar date shall be disallowed except as provided in Bankruptcy Rule 3002. If a creditor does not timely file a proof of claim, then either the Debtor(s) or the Trustee may file such a claim as provided for by 11 U.S.C. 501(c) and in that event such claim shall shall be deemed the claim for all purposes under the Plan.

D) Unless otherwise provided in this plan or ordered by the Court, the holder of each allowed secured claim provided for by the plan shall retain its lien securing such claim as provided in 11 USC 1325(a)(5)(B)

E) Distribution to secured creditors who obtain relief from the automatic stay will terminate on entry of such order lifting the stay, notwithstanding any other term of this Plan to the contrary, except to the extent an unsecured deficiency claim is filed, which will be paid as a general unsecured claim.

____ F) Other provisions, if any: Debtor will continue making payments to US Bank bank directly for her 2008 Ford F150 since debtor's boyfriend makes all the payments on the vehicle.

Dated:      12/21/09 .

BY: /s/ Erin M. McCartney
    Erin M. McCartney, ~IS9998278
    John Turco Law Offices
    2580 South 90th St.
    Omaha, NE 68124
    (402) 933-8600
    Attorney for Debtor(s)

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF IOWA**

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO:   09-06111 |
| | ) | |
| Margaret Ann Spry | ) | CHAPTER 13 |
| , | ) | |
| | ) | |
| Debtor(s). | ) | |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the described documents:

1)  _____CHAPTER 13 PLAN_____ ,

2)  _____NOTICE OF FILING_____

_____CHAPTER 13 PLAN_____

_____AND NOTICE OF TIME FOR FILING RESISTANCES/OBJECTIONS_____

were mailed via U.S. Mail, postage prepaid, on      12/21/2009  , to all creditors and parties in interest listed on Exhibit "A" attached hereto.

/s/ Erin M. McCartney
Erin M. McCartney, ~IS9998278
John Turco Law Offices
2580 South 90th Street
Omaha, Nebraska  68124-2050
Voice:  (402) 933-8600
Fax:      (402) 934-2848

Bank Of America
Po Box 17054
Wilmington, DE 19850

Capital I Bank
Attn: C/O TSYS Debt Management
Po Box 5155
Norcross, GA 30091

Chase
800 Brooksedge Blvd
Westerville, OH 43081

Citibank Usa
Attn.: Centralized Bankruptcy
Po Box 20507
Kansas City, MO 64195

David R. Spry
5026 N. 108th Street
Omaha, NE 68134

Discover Fin Svcs Llc
Po Box 15316
Wilmington, DE 19850

First National Bank
1620 Dodge Street
Omaha, NE 68197

Internal Revenue Service
P.O. Box 21126
Philadelphia, PA 19114

Internal Revenue Service
STOP 5300
1616 Capitol Ave.
Omaha, NE 68102

Leonard Bolton
1001 Eagle St.
Dunlap, IA 51529

Margaret Spry
1583 Pueblo Road
Council Bluffs, IA 51501

Nebraska Department of Revenue
PO Box 98934
Lincoln, NE 68509-8934

Nebraska Furniture Mart
Attn: Legal Dept
700 S 72nd St
Omaha, NE 68103

Nebraska Promotions LLC
14225 Dayton Circle Suite 10
Omaha, NE 68137

Nu-Trend Homes
6303 L St
Omaha, NE 68117

United Consumer Financial Services
865 Bassett Rd
Westlake, OH 44145

US Attorney s Office
1620 Dodge St.  1400
Omaha, NE 68102

Us Bank
Po Box 5227
Cincinnati, OH 45201

US Bank
8800 W. Center Road
Omaha, NE 68124

Us Bank Hogan Loc
Po Box 5227
Cincinnati, OH 45201

Us Bank/na Nd
4325 17th Ave S
Fargo, ND 58125

Verizon Wireless
1515 Woodfield Road
Schaumburg, IL 60173